IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE T. TAYLOR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 07-496-GPM ) |
| WARDEN SHERROD, | ) ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP's) calculation of his sentence on federal drug and firearm charges. Specifically, Petitioner challenges the BOP's denial of credit to his federal sentence for time spent in state custody. This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier (Doc. 17), recommending that the petition be granted and that the BOP be directed to award additional jail credit of 194 days because there "is no reliable evidence that the period between May 24 and December 3, 2005, was applied against a state sentence."

No timely objections were filed. One day late, however, Respondent moved for an extension of time to file objections and, that day, filed his objections. The motion for extension of time (Doc. 18) is **GRANTED**, and the objections will be considered as filed. Accordingly, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788

(N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).[1]

As we now know from the materials submitted with Respondent's objections, all of the time that Petitioner was in the custody of the Missouri Department of Corrections – from January 12, 2005, until December 3, 2005 – was applied against his state sentence. It is clear under the statute that Petitioner cannot receive credit to his federal sentence for the time he was in the custody of the United States Marshal – from May 24, 2005 until December 3, 2005 – because that time was applied against his state sentence. 18 U.S.C. § 3585(b).

This necessarily results in the Court having to sustain Respondent's objections and reject the Report and Recommendation. The Court is dismayed by this result. Magistrate Judge Frazier's conclusion was unquestionably correct on the state of the record before him. His time and efforts were wasted because, despite two extensions of time to respond to the petition, Respondent still needed extra time to object to the Report and Recommendation because he was "attempting to locate the verifying documentation which the Magistrate Judge noted was missing" (Doc. 18). The time

---

[1] Therefore, the Court will not reiterate the underlying facts or the applicable law set forth in the Report and Recommendation, as no objections thereto have been lodged.

involved and effort expended in getting to the right result in this case is not commensurate with the task itself.  This matter could have been concluded early on if the Government had responsibly, if not diligently, accomplished only what it was able to accomplish out of time.

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Frazier (Doc. 17) is **respectfully REJECTED**, and Petitioner's petition under 28 U.S.C. § 2241 for writ of habeas corpus is **DENIED**.  This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  06/05/2008

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge
